# Exhibit 1

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

Case No.:  2025 CA 000472

NANCY SUBER and BRAD SUBER,

      Plaintiffs,

vs.

WALMART INC. a/k/a WAL-MART
STORES, INC., WAL-MART STORES
EAST LP, and DENISE HANNON,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, NANCY SUBER and BRAD SUBER, sue Defendants WALMART INC. a/k/a WAL-MART STORES, INC. ("WAL-MART. INC"), WAL-MART STORES EAST LP ("WALMART EAST LP") (WAL-MART. INC and  WALMART EAST LP are hereinafter referred collectively to as "WAL-MART") and DENISE HANNON ("HANNON").

## General Allegations

1.      This product liability action for damages of more than Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs, arises from Plaintiff NANCY SUBER's personal injury suffered due to the Defendants' negligence, including but not limited to pain, suffering, and the loss of enjoyment of life when Defendant's food chopper nearly severed Plaintiff's thumb.

2.      The claims asserted herein arise out of the negligent design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, warning,

and sale of a defective and unreasonably dangerous mini food chopper placed into the stream of commerce by the Defendants and used by Plaintiff on or about March 26, 2023.



Figure 1: The product box taken at Plaintiff's Residence

3. The subject food chopper is known as a Mainstays USB Rechargeable Mini Food Chopper UPC 6955374010015 (hereinafter "Food Chopper").

4. The Food Chopper was designed, developed, imported, manufactured, assembled, distributed, sold, and placed into the stream of commerce in whole or in part by Defendants.

5. The battery-operated Food Chopper was designed as easy-to-use with one-touch pulse operation. Plaintiff and other reasonable consumers would expect the Food Chopper to have a safety mechanism preventing the blade from engaging until it was safe to do so but, they would be wrong.

6.      Defendants are directly responsible for the injuries to Plaintiff that were caused by her normal and anticipated use of the Food Chopper on March 26, 2023 (the "Subject Incident").

## The Parties, Jurisdiction and Venue

7.      Plaintiff NANCY SUBER is an individual, was/is a resident of Leon County, Florida, and is *sui juris*.

8.      Plaintiff BRAD SUBER is an individual, was/in a resident of Leon County, Florida, and is *sui juris*. Plaintiff BRAD SUBER is the husband of Plaintiff NACY SUBER.

9.      Defendant HANNON is an individual who was/is a resident of Leon County, Florida, and is *sui juris*. Defendant HANNON, at all times material, served as the Store Manager of Walmart Supercenter #4427 located at 3221 N Monroe St, Tallahassee, FL 32303, where Plaintiff NANCY SUBER purchased the Food Chopper.

10.     Defendant WAL-MART STORES EAST LP owns and operates the WAL-MART store located at 3221 N Monroe St, Tallahassee, FL 32303.

11.     Defendant WAL-MART STORES, INC. is a Delaware corporation licensed and authorized to do business in Florida.

12.     Defendant WAL-MART STORES EAST LP is a Delaware Limited Partnership licensed and authorized to do business in Florida.

13.     WALMART is engaged in the business of designing, developing, importing, manufacturing, marketing, distributing, assembling, and/or selling consumer products, including the Food Chopper, which is or at the time of the Subject Incident,

was distributed and sold in WALMART's retail stores throughout the United States, including Florida, under its store brand, Mainstays.

14. By owning and operating a chain of retail stores throughout the State of Florida, Defendant WAL-MART has purposefully availed itself of doing business in the State of Florida and has sufficient minimum contacts to justify being subject to the jurisdiction of a Florida Court.

15. According to the Florida Long Ann Statute, § 48.193, Florida Statutes, the WAL-MART Defendant submitted themselves to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

(1) Committing a tortious act within this state by selling defective products, including the Food Chopper which is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such products were used by consumers in Florida in the ordinary course of commerce and trade;

(2) Conducting and engaging in substantial business and other activities in Florida by selling consumer products, including the Food Chopper, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such products were used by consumers in Florida in the ordinary course of commerce and trade;

(3) The acts or omissions of Defendant WAL-MART caused injuries to persons in Florida, including Plaintiff. At or about the time of injury, products, materials, or things processed, serviced, or sold by Defendant WAL-MART, including the Food Chopper, were used or consumed within this state in the ordinary course of commerce, trade, or use; and

(4) Selling consumer products, including the Food Chopper, with knowledge or reason to foresee that their products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

16.    Venue in Leon County, Florida, is proper because the Food Chopper was sold into the stream of commerce within Leon County, Florida.

### Factual Allegations

17.    Prior to this incident, Plaintiff Nancy Suber purchased the Food Chopper from the WAL-MART Superstore known as Walmart Supercenter #4427, located at 3221 N Monroe St, Tallahassee, FL 32303. See Plaintiff's Original Purchase Receipt, attached as **Exhibit 1**. That property is owned by Defendant WALMART EAST LP and managed by Defendant HANNON.

18.    On Sunday, March 26, 2023, Ms. Suber was preparing family dinner, taco night, when she pulled out her still-new-in-the-box Mainstays Food Chopper to dice an onion. Even as she removed the food chopper from the box *for the very first time,* the blades engaged. Luckily, Ms. Suber avoided any injury during the removal process.

19.    However, Ms. Suber was not so lucky when she placed the onion in the clear plastic bottom to be chopped and attempted to connect the top of the Food

Chopper, containing the motor to which the blade was already attached when Plaintiff removed the Food Chopper from the box, and the Food Chopper's bowl. It was at that point when, due to the negligent design of the food chopper, she accidentally activated the blades and sliced her right hand between her pointer finger and thumb, cutting a ligament.

20. As a result of the subject incident, Plaintiff suffered extensive injuries that required emergent transport to the hospital, extensive medical treatment, and immense pain and suffering, as well as physical mobility issues that continue to this day.

21. Upon information and belief, Defendants knew of prior incidences similar to the Subject Incident that caused Plaintiff's injuries.

22. Notwithstanding Defendants' knowledge of these prior similar incidences, Defendants did nothing to remove the product from the shelves, warn consumers who had already purchased the product, or conduct any voluntary recall.

23. All conditions precedent to the bringing of these actions have been performed or have been excused.

## COUNT 1: STRICT LIABILITY: DESIGN DEFECT AGAINST WALMART INC. a/k/a WAL-MART STORES, INC.

24. Paragraphs 1-23 are incorporated herein.

25. At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by Defendants, it contained design defects, which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, and other intended and foreseeable users of the Food Chopper.

26.   The design defects include:

(1) not including an on/off switch or button separate from the button to engage the motor, essentially resulting in the motor being in an always-on mode;

(2) allowing the motor to start, thereby engaging the blade before the user was even aware that the Food Chopper had been turned on;

(3) allowing the motor to turn the blades when the motor was not yet connected to the bowl;

(4) Other design defects which have yet to be determined.

27.   Due to the design defects, the Food Chopper failed to perform as safely as an ordinary consumer would expect when utilizing it in an intended or reasonably foreseeable manner.

28.   The design defects in the Food Chopper caused the motor to engage and turn the blades before being connected to the bowl to chop the onion. As a result, the motor engaged and turned the blades, slicing the space between Plaintiff NANCY SUBER'S right thumb and right index finger.

WHEREFORE, Plaintiff NANCY SUBER demands judgment for damages against WALMART INC. a/k/a WAL-MART STORES, INC. and further demands trial by jury.

## COUNT 2: NEGLIGENT DESIGN DEFECT: DESIGN DEFECT AGAINST  WALMART INC. a/k/a WAL-MART STORES, INC.

29.   Paragraphs 1-23 are incorporated herein.

30.   At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by Defendants, it contained design defects, which

rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, and other intended and foreseeable users of the Food Chopper.

31.    The design defects include:

(1) not including an on/off switch or button separate from the button to engage the motor, essentially resulting in the motor being in an always-on mode;

(2) allowing the motor to start, thereby engaging the blade before the user was even aware that the Food Chopper had been turned on;

(3) allowing the motor to turn the blades when the motor was not yet connected to the bowl;

(4) Other design defects which have yet to be determined.

32.    Due to the design defects, the Food Chopper failed to perform as safely as an ordinary consumer would expect when utilizing it in an intended or reasonably foreseeable manner.

33.    The design defects in the Food Chopper caused the motor to engage and turn the blades before being connected to the bowl to chop the onion. As a result, the motor engaged and turned the blades, slicing the space between Plaintiff NANCY SUBER'S right thumb and right index finger.

WHEREFORE, Plaintiff NANCY SUBER demands judgment for damages against WALMART INC. a/k/a WAL-MART STORES, INC. and further demands trial by jury.

**COUNT 3: STRICT LIABILITY: DEFECTIVE WARNING AND INSTRUCTIONS AGAINST WALMART INC. a/k/a WAL-MART STORES, INC.**

34.    Paragraphs 1-23 are incorporated herein.

35.     At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by the Defendants, it lacked or contained defective instructions and warnings which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, who were intended or foreseeable users.

36.     The warning defects include the failure to warn of the risks associated with the Food Chopper's motor engaging prematurely, the ability of the motor to engage when it was not connected to the bowl, the danger of the motor engaging when it was not intended by the user due to the lack of an on/off switch separate from the button to engage the blades, and other defects yet to be discovered.

37.     The lack of warnings and defective warnings and instructions resulted in the Food Chopper being unreasonably dangerous and failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Food Chopper in an intended or reasonably foreseeable manner.

38.     Due to the defective or lacking warnings and instructions, when using the Food Chopper as intended or in a reasonably foreseeable manner, Plaintiff NANCY SUBER suffered personal injuries.

WHEREFORE, Plaintiffs demand judgment for damages against WALMART INC. a/k/a WAL-MART STORES, INC. and further demands trial by jury.

## COUNT 4: NEGLIGENT FAILURE TO WARN AGAINST WALMART INC. a/k/a WAL-MART STORES, INC.

39.     Paragraphs 1-23 are incorporated herein.

40.     At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by the Defendants, it lacked or contained defective

instructions and warnings which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, who were intended or foreseeable users.

41.    The warning defects include the failure to warn of the risks associated with the Food Chopper's motor engaging prematurely, the ability of the motor to engage when it was not connected to the bowl, the danger of the motor engaging when it was not intended by the user due to the lack of an on/off switch separate from the button to engage the blades, and other defects yet to be discovered.

42.    The lack of warnings and defective warnings and instructions resulted in the Food Chopper being unreasonably dangerous and failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Food Chopper in an intended or reasonably foreseeable manner.

43.    Due to the defective or lacking warnings and instructions when using the Food Chopper as intended or in a reasonably foreseeable manner, Plaintiff NANCY SUBER suffered personal injuries.

WHEREFORE, Plaintiffs demand judgment for damages against WALMART INC. a/k/a WAL-MART STORES, INC. and further demand trial by jury.

## COUNT 5: STRICT LIABILITY: DESIGN DEFECT AGAINST  WAL-MART STORES EAST LP

44.    Paragraphs 1-23 are incorporated herein.

45.    At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by Defendants, it contained design defects, which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, and other intended and foreseeable users of the Food Chopper.

46.    The design defects include:

(1) not including an on/off switch or button separate from the button to engage the motor, essentially resulting in the motor being in an always-on mode;

(2) allowing the motor to start, thereby engaging the blade before the user was even aware that the Food Chopper had been turned on;

(3) allowing the motor to turn the blades when the motor was not yet connected to the bowl;

(4) Other design defects which have yet to be determined.

47.    Due to the design defects, the Food Chopper failed to perform as safely as an ordinary consumer would expect when utilizing it in an intended or reasonably foreseeable manner.

48.    The design defects in the Food Chopper caused the motor to engage and turn the blades before being connected to the bowl to chop the onion. As a result, the motor engaged and turned the blades, slicing the space between Plaintiff NANCY SUBER'S right thumb and right index finger.

WHEREFORE, Plaintiff NANCY SUBER demands judgment for damages against WAL-MART STORES EAST LP and further demands trial by jury.

## COUNT 6: NEGLIGENT DESIGN DEFECT: DESIGN DEFECT AGAINST  WAL-MART STORES EAST LP

49.    Paragraphs 1-23 are incorporated herein.

50.    At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by Defendants, it contained design defects, which

rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, and other intended and foreseeable users of the Food Chopper.

51.    The design defects include:

(1) not including an on/off switch or button separate from the button to engage the motor, essentially resulting in the motor being in an always-on mode;

(2) allowing the motor to start, thereby engaging the blade before the user was even aware that the Food Chopper had been turned on;

(3) allowing the motor to turn the blades when the motor was not yet connected to the bowl;

(4) Other design defects which have yet to be determined.

52.    Due to the design defects, the Food Chopper failed to perform as safely as an ordinary consumer would expect when utilizing it in an intended or reasonably foreseeable manner.

53.    The design defects in the Food Chopper caused the motor to engage and turn the blades before being connected to the bowl to chop the onion. As a result, the motor engaged and turned the blades, slicing the space between Plaintiff NANCY SUBER'S right thumb and right index finger.

WHEREFORE, Plaintiff NANCY SUBER demands judgment for damages against WAL-MART STORES EAST LP and further demands trial by jury.

## COUNT 7: STRICT LIABILITY: DEFECTIVE WARNING AND INSTRUCTIONS AGAINST WAL-MART STORES EAST LP

54.    Paragraphs 1-23 are incorporated herein.

55.    At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by the Defendants, it lacked or contained defective instructions and warnings which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, who were intended or foreseeable users.

56.    The warning defects include the failure to warn of the risks associated with the Food Chopper's motor engaging prematurely, the ability of the motor to engage when it was not connected to the bowl, the danger of the motor engaging when it was not intended by the user due to the lack of an on/off switch separate from the button to engage the blades, and other defects yet to be discovered.

57.    The lack of warnings and defective warnings and instructions resulted in the Food Chopper being unreasonably dangerous and failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Food Chopper in an intended or reasonably foreseeable manner.

58.    Due to the defective or lacking warnings and instructions, when using the Food Chopper as intended or in a reasonably foreseeable manner, Plaintiff NANCY SUBER suffered personal injuries.

WHEREFORE, Plaintiffs demand judgment for damages against WAL-MART STORES EAST LP and further demands trial by jury.

## COUNT 8: NEGLIGENT FAILURE TO AGAINST WAL-MART STORES EAST LP

59.    Paragraphs 1-23 are incorporated herein.

60.    At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by the Defendants, it lacked or contained defective

instructions and warnings which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, who were intended or foreseeable users.

61. The warning defects include the failure to warn of the risks associated with the Food Chopper's motor engaging prematurely, the ability of the motor to engage when it was not connected to the bowl, the danger of the motor engaging when it was not intended by the user due to the lack of an on/off switch separate from the button to engage the blades, and other defects yet to be discovered.

62. The lack of warnings and defective warnings and instructions resulted in the Food Chopper being unreasonably dangerous and failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Food Chopper in an intended or reasonably foreseeable manner.

63. Due to the defective or lacking warnings and instructions, when using the Food Chopper as intended or in a reasonably foreseeable manner, Plaintiff NANCY SUBER suffered personal injuries.

WHEREFORE, Plaintiffs demand judgment for damages against WAL-MART STORES EAST LP and further demands trial by jury.

## COUNT 9: STRICT LIABILITY: DESIGN DEFECT AGAINST  DENISE HANNON

64. Paragraphs 1-23 are incorporated herein.

65. At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by Defendants, it contained design defects, which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, and other intended and foreseeable users of the Food Chopper.

66. The design defects include:

(1) not including an on/off switch or button separate from the button to engage the motor, essentially resulting in the motor being in an always-on mode;

(2) allowing the motor to start, thereby engaging the blade before the user was even aware that the Food Chopper had been turned on;

(3) allowing the motor to turn the blades when the motor was not yet connected to the bowl;

(4) Other design defects which have yet to be determined.

67. Due to the design defects, the Food Chopper failed to perform as safely as an ordinary consumer would expect when utilizing it in an intended or reasonably foreseeable manner.

68. The design defects in the Food Chopper caused the motor to engage and turn the blades before being connected to the bowl to chop the onion. As a result, the motor engaged and turned the blades, slicing the space between Plaintiff NANCY SUBER'S right thumb and right index finger.

WHEREFORE, Plaintiff NANCY SUBER demands judgment for damages against DENISE HANNON and further demands trial by jury.

## COUNT 10: NEGLIGENT DESIGN DEFECT: DESIGN DEFECT AGAINST DENISE HANNON

69. Paragraphs 1-23 are incorporated herein.

70. At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by Defendants, it contained design defects, which

rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, and other intended and foreseeable users of the Food Chopper.

71.    The design defects include:

(1) not including an on/off switch or button separate from the button to engage the motor, essentially resulting in the motor being in an always-on mode;

(2) allowing the motor to start, thereby engaging the blade before the user was even aware that the Food Chopper had been turned on;

(3) allowing the motor to turn the blades when the motor was not yet connected to the bowl;

(4) Other design defects which have yet to be determined.

72.    Due to the design defects, the Food Chopper failed to perform as safely as an ordinary consumer would expect when utilizing it in an intended or reasonably foreseeable manner.

73.    The design defects in the Food Chopper caused the motor to engage and turn the blades before being connected to the bowl to chop the onion. As a result, the motor engaged and turned the blades, slicing the space between Plaintiff NANCY SUBER'S right thumb and right index finger.

WHEREFORE, Plaintiff NANCY SUBER demands judgment for damages against DENISE HANNON and further demands trial by jury.

## COUNT 11: STRICT LIABILITY: DEFECTIVE WARNING AND INSTRUCTIONS AGAINST DENISE HANNON

74.    Paragraphs 1-23 are incorporated herein.

75. At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by the Defendants, it lacked or contained defective instructions and warnings which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, who were intended or foreseeable users.

76. The warning defects include the failure to warn of the risks associated with the Food Chopper's motor engaging prematurely, the ability of the motor to engage when it was not connected to the bowl, the danger of the motor engaging when it was not intended by the user due to the lack of an on/off switch separate from the button to engage the blades, and other defects yet to be discovered.

77. The lack of warnings and defective warnings and instructions resulted in the Food Chopper being unreasonably dangerous and failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Food Chopper in an intended or reasonably foreseeable manner.

78. Due to the defective or lacking warnings and instructions, when using the Food Chopper as intended or in a reasonably foreseeable manner, Plaintiff NANCY SUBER suffered personal injuries.

WHEREFORE, Plaintiffs demand judgment for damages against DENISE HANNON and further demands trial by jury.

## COUNT 12: NEGLIGENT FAILURE TO AGAINST DENISE HANNON

79. Paragraphs 1-23 are incorporated herein.

80. At the time the Food Chopper was designed, manufactured, and placed into the stream of commerce by the Defendants, it lacked or contained defective

instructions and warnings which rendered the Food Chopper unreasonably dangerous to persons, such as PLAINTIFFS, who were intended or foreseeable users.

81.     The warning defects include the failure to warn of the risks associated with the Food Chopper's motor engaging prematurely, the ability of the motor to engage when it was not connected to the bowl, the danger of the motor engaging when it was not intended by the user due to the lack of an on/off switch separate from the button to engage the blades, and other defects yet to be discovered.

82.     The lack of warnings and defective warnings and instructions resulted in the Food Chopper being unreasonably dangerous and failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Food Chopper in an intended or reasonably foreseeable manner.

83.     Due to the defective or lacking warnings and instructions, when using the Food Chopper as intended or in a reasonably foreseeable manner, Plaintiff NANCY SUBER suffered personal injuries.

WHEREFORE, Plaintiffs demand judgment for damages against DENISE HANNON and further demands trial by jury.

## COUNT 13: LOSS OF CONSORTIUM CLAIM AGAINST WALMART INC. a/k/a WAL-MART STORES, INC.

84.     Paragraphs 1-23 are incorporated herein.

85.     As the direct and proximate result of the negligence of WAL-MART and the injuries suffered by his wife, Plaintiff NANCY SUBER, Plaintiff BRAD SUBER suffered in the past and will continue to suffer in the future the loss of comfort,

companionship, society, affection, services and consortium of his wife, Plaintiff NANCY SUBER.

**WHEREFORE**, Plaintiff BRAD SUBER demands Judgment for damages against Defendant WALMART INC. a/k/a WAL-MART STORES, INC., plus costs and further demands trial by jury.

## COUNT 14: LOSS OF CONSORTIUM CLAIM AGAINST WAL-MART STORES EAST LP

86.    Paragraphs 1-23 are incorporated herein.

87.    As the direct and proximate result of the negligence of WAL-MART and the injuries suffered by his wife, Plaintiff NANCY SUBER, Plaintiff BRAD SUBER suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, affection, services and consortium of his wife, Plaintiff NANCY SUBER.

**WHEREFORE**, Plaintiff BRAD SUBER demands Judgment for damages against Defendant WAL-MART STORES EAST LP plus costs and further demands trial by jury.

## COUNT 15: LOSS OF CONSORTIUM CLAIM AGAINST DENISE HANNON

88.    Paragraphs 1-23 are incorporated herein.

89.    As the direct and proximate result of the negligence of WAL-MART and the injuries suffered by his wife, Plaintiff NANCY SUBER, Plaintiff BRAD SUBER suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, affection, services and consortium of his wife, Plaintiff NANCY SUBER.

**WHEREFORE**, Plaintiff BRAD SUBER demands Judgment for damages against Defendant DENISE HANNON plus costs and further demands trial by jury.

## **TRIAL BY JURY**

Plaintiffs demand trial by jury on all issues to triable.

**Filed this**: March 23, 2025

Respectfully Submitted,

*/s/ Curtis Davis*
Curtis S. Davis, Esq.
FBN: 97867
**Davis Trial Law, PLLC**
6586 Hypoluxo Road, Ste. 311
Lake Worth, FL 33467
Main: (561) 906-3638
Fax: (561) 945-8725
Curtis@DavisTrial.Law
Service@DavisTrial.Law
*Counsel for the Plaintiffs*

*A filed copy of the foregoing was sent via email to:*
*Kerry Kotouc*
*kerry.kotouc@walmartlegal.com*
*Senior Vice President and Chief Counsel*
*U.S. Retail Operations*
*Walmart*
*702 SW 8th St.*
*Bentonville, AR 72712-0745*

